UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AIPU LIMITED, et al., <br><br> Defendant. | CASE NO. C24-5815 BHS <br><br> ORDER |

## I. Introduction

Before the Court is Plaintiff Commodity Futures Trading Commission's Motion for Restitution and Civil Monetary Penalties Against Defendant Lan Bai, Dkt. 29.

The CFTC filed its Motion in response to the Court's April 21, 2025 Minute Order requiring the CFTC to file an opening brief to propose the amount of restitution, disgorgement and/or civil monetary penalties ("CMPs") to be entered against Lan Bai. Dkt. 24. The Motion sets forth calculations for restitution and a CMP. The Court has considered the complete record in this case, including the Complaint (Dkt. 1); the CFTC's Motion for Default Judgment Against Defendants Aipu Ltd., Fidefx Investments

ORDER - 1

Ltd., Chao Li and Qian Bai and the accompanying exhibits, including the Declarations of George Malas and Karen Kenmotsu (Dkt. 25); the Consent Order of Permanent Injunction and Other Statutory and Equitable Relief Against Defendant Lan Bai (Dkt. 20); and all other records setting forth evidence to quantify the appropriate amount of restitution and CMP. Accordingly, the Court, having reviewed the Motion for relief, hereby enters an order for Restitution and CMP against Defendant Lan Bai.

## II. Background

On September 27, 2024, the CFTC filed a Complaint against Lan Bai and Defendants Aipu Ltd. ("Aipu"), Fidefx Investments Ltd. ("FIL"), Chao Li ("Li") and Qian Bai ("Bai") (collectively, "Defaulted Defendants") alleging that the Defaulted Defendants and Lan Bai violated Sections 4b(a)(2)(A)-(C) and 6(c)(1), of the Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C), and 9(1), and Commission Regulations ("Regulations") 5.2(b)(1), (3), and 180.1(a)(1)-(3), 17 C.F.R. §§ 5.2(b)(1), (3), 180.1(a)(1)-(3) (2024). Dkt. 1.

On October 25, 2024, the CFTC served the Defaulted Defendants under the methods set forth in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") in keeping with Fed. R. Civ. P. 4(f)(1). Dkts. 12-15. Despite being properly served, the Defaulted Defendants never appeared, answered or otherwise responded to the CFTC's Complaint. Accordingly, on December 30, 2024, the CFTC moved for the entry of default against the Defaulted Defendants pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk of Court entered default against the Defaulted Defendants on January 6, 2025. Dkts. 16-17.

On October 3, 2024, Lan Bai voluntarily waived service of the Complaint and summons. Dkt. 6. Accordingly, Lan Bai's answer to the Complaint was due on or about December 2, 2024. On December 2, 2024, the parties jointly moved to extend the time for Lan Bai to respond the Complaint so that the parties could negotiate the terms of a Consent Order. Dkt. 8. On December 4, 2024, the Court issued a Minute Order granting the Motion to Extend, and permitting Lan Bai until January 14, 2025, to respond to the Complaint. Dkt. 9.

After Lan Bai voluntarily accepted service of process, the Commission and Lan Bai engaged in good faith negotiations to reach a negotiated resolution of this matter. Dkt. 23. As a result of those negotiations, the Commission and Defendant Lan Bai agreed to the entry of a Consent Order of Permanent Injunction and other Statutory and Equitable Relief ("Consent Order"), which was entered by this Court on February 3, 2025. Dkt. 20. The Consent Order provides for entry of liability as to all counts against Lan Bai and for the immediate imposition of injunctive relief, and further provides that Lan Bai shall pay restitution, disgorgement and a CMP either by subsequent agreement of the parties or by the Court after briefing of the issues by the parties. Dkt. 20 at ¶¶ 17-19.

On April 21, 2025, Plaintiff and Lan Bai filed a Joint Status Report and motion for a briefing schedule Dkt. 23. As stated in the Joint Status Report, the CFTC and Lan Bai entered into good faith negotiations, but have been unable to agree on the amount of restitution, disgorgement and/or CMP to be entered against Lan Bai. Dkt. 20.

The Consent Order imposed a permanent injunction and equitable relief against Lan Bai and directed the entry of Findings of Fact and Conclusions of Law. Therefore,

this Order only addresses the appropriate amount of restitution, disgorgement and/or CMP to impose against Defendant Lan Bai. The CFTC has moved this Court to enter **restitution** in the amount of **$233,178** and a **CMP** in the amount of $**699,534** against Defendant Lan Bai pursuant to the terms of the Consent Order. The Court has reviewed the CFTC's Motion and hereby enters an order for restitution and CMP against Defendant Lan Bai.

### III. Restitution and Civil Monetary Penalty

**IT IS HEREBY ORDERED** that Defendant Lan Bai shall comply fully with the following terms, conditions and obligations:

**A. Restitution**

Defendant Lan Bai shall pay, jointly and severally, restitution in the amount of $233,178 ("Restitution Obligation"). This amount is reasonable because it credits Bai for the money she lost herself, and the money she returned. It is also far less than the potential amount Bai would face as a controlling person, jointly and severally liable for triple the amount of total loss, or several million dollars.

This amount will be offset by any amounts paid in restitution by any other party arising from the conduct alleged in the Complaint. If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defaulted Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of the Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order against Lan Bai to obtain satisfaction of any portion of the restitution that has not been paid by the Lan Bai to ensure continued compliance with any provision of this Order and to hold Lan Bai in contempt for any violations of any provision of this Order.

**B. Civil Monetary Penalty**

Bai correctly contends that CFTC's requested CMP is within the Court's discretion. Dkt. 30 at 5. But she does not propose or defend a lesser amount, and she concedes that she is a controlling person who acted with scienter. CFTC's requested CMP (triple the restitution amount) is reasonable based on the restitution amount and Bai's participation in the scheme. CFTC correctly points out that as a controlling person she could face a much larger CMP.

Lan Bai shall pay, jointly and severally, a civil monetary penalty in the amount of $699,534 ("CMP Obligation"). This amount will be offset by any amounts paid in civil monetary penalties by the Defaulted Defendants arising from the conduct alleged in the Complaint. If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall

be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C.§ 1961.

Lan Bai shall pay her CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326

Commodity Futures Trading Commission 6500 S. MacArthur Blvd.

HQ Room 266

Oklahoma City, OK 73169 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Lan Bai shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Lan Bai shall accompany payment of the CMP Obligation with a cover letter that identifies Lan Bai and the name and docket number of this proceeding. Lan Bai shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**C. Provisions Related to Monetary Sanctions**

Partial Satisfaction: Acceptance by the Commission of any partial payment of Lan Bai's Restitution Obligation, or CMP Obligation shall not be deemed a waiver of her

obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### D. Miscellaneous Provisions

Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

**Notice to Defendants:**

| | |
|---|---|
| **Aipu Limited** | **Qian Bai** |
| c/o Registered Office | 12 Blackett Street |
| 12 Blackett Street | Manchester |
| Manchester | M12 6AE |
| M12 6AE | United Kingdom |
| United Kingdom | |
| **Fidefx Investments Limited** | **Chao Li** |
| 15258493- Companies House Default Address | 15258493- Companies House Default Address |
| P.O. Box 4385 | P.O. Box 4385 |
| Cardiff | Cardiff |
| CF13 8LH | CF13 8LH |
| United Kingdom | United Kingdom |

**Notice to Commission:**
**Paul G. Hayeck**
Deputy Director, Division of Enforcement
Commodity Futures Trading Commission
1155 21st St. NW
Washington D.C., 20581

Change of Address/Phone: Until such time as Lan Bai satisfies in full her Restitution Obligation, and CMP Obligation as set forth in this Order, Lan Bai shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten calendar days of the change.

Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Lan Bai to modify or for relief from the terms of this Order.

Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon Lan Bai, upon any person under the authority or control of Lan Bai, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Lan Bai.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this Order for Restitution and CMP, forthwith and without further notice.

The Clerk shall close the case, but the parties may move to re-open it if necessary to effectuate this Order.

**IT IS SO ORDERED**.

Dated this 14th day of July, 2025.

BENJAMIN H. SETTLE
United States District Judge